IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-1019 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CITY OF PITTSBURGH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's Motion (Doc. 82) to reopen discovery will be denied. The Motion is premised on Plaintiff's assertion that she only recently became aware that one of her prior attorneys, Mr. Westcott, had withdrawn from the case; and that, had she known, she might have gone a different route in terms of legal representation. The Court is not convinced that Plaintiff's explanation is entirely credible, or that she has shown herself to have acted with reasonable diligence. Even affording some credence to Plaintiff and her new counsel's explanations, moreover, they are outweighed by the undue prejudice that would result from granting the Motion, and the Court's need to ensure the timely and orderly adjudication of civil matters.

Mr. Westcott first appeared before this Court on August 2, 2018, and one of Plaintiff's current lawyers, Mr. Hoebler, entered an appearance three days later. *See* Docs. 1 & 3. On September 27, 2018, before any meaningful activity by Plaintiff was reflected on the docket, Mr. Westcott filed a Motion to Withdraw (Doc. 11). The Motion, which was granted, indicated that Mr. Hoebler would continue to represent Plaintiff. *See* Doc. 11; Doc. 13.

After Mr. Westcott withdrew his appearance, Plaintiff's counsel successfully defended (in part) Defendants' Motion to Dismiss, and Mr. Hoebler appeared at the Initial Case Management Conference. *See* Doc. 53. The parties requested 200 days to complete discovery, well in excess of the standard 150-day period, and the Court granted the request, but specifically advised that it did not envision granting extensions given the additional time afforded. Also at the Conference, Mr. Hoebler revealed that Plaintiff's counsel and the decedent's family had investigated the scene of the incident-at-issue, and had taken photographs. Various purported Plaintiff-witnesses also were discussed.

In early 2020, the parties engaged in mandatory ADR, having previously submitted a stipulation confirming that Plaintiff and Mr. Hoebler would attend. *See* Doc. 54. The case did not resolve.

In May 2020, Plaintiff filed a joint-Motion to extend discovery by 90 days. Doc. 58. The Court granted the Motion, but specifically stated that it "[did] not anticipate granting further extension(s)." *See* Doc. 59.

Then, in August 2020, after having successfully negotiated detailed discovery disputes (*see* Docs. 64 through 68), Plaintiff again sought to extend discovery, by another 45 days. Doc. 69. The Court granted the Motion, but stated without equivocation, "NO FURTHER EXTENSIONS WILL BE GRANTED." *See* Doc. 71 (capitalization of text in original).

After the close of discovery, on October 23, 2020, Plaintiff did not appear via videoconference, as ordered, at the Settlement Conference. Mr. Hoebler indicated that his multiple efforts to contact Plaintiff were unsuccessful; and he believed that Plaintiff was seeking to retain new legal counsel. Anticipating that new counsel may request to reopen discovery,

and given the inordinate periods of time provided and extensions granted, the Court then advised that it had no intention of reopening discovery.  Nevertheless, the instant Motion followed.

In light of the above history, the notion that Mr. Westcott's continued-representation somehow was a linchpin – in Plaintiff's mind − is perplexing.  Plaintiff attended ADR with Mr. Hoebler, a lawyer who at all times has reflected intimate familiarity with her case.  Indeed, all of the significant litigation efforts in this case, including the resolution of multiple motions (including one for dismissal), occurred well after Mr. Westcott was granted permission to withdraw.  Even assuming Mr. Westcott's participation was, in fact, important to Plaintiff, it is hard to imagine how a client acting with reasonable diligence would not discover, through the course of nearly two years of litigation, that the lawyer she most valued no longer was participating.

Even affording Plaintiff's explanations some credence, they cannot overcome the undue prejudice to Defendants and – perhaps more importantly – to the Court's need and efforts to maintain a timely and orderly adjudicative process.  The Court allowed an extra 185 days of discovery in this case, a time frame that *itself* exceeds the standard 150-day period typically provided.  Plaintiff, through her counsel of record, repeatedly was advised that the Court believed adequate time for discovery already had been provided; and, in granting her final extension-request, the Court could not have been clearer:  "NO FURTHER EXTENSIONS WILL BE GRANTED."  To now disregard that mandate would not only be prejudicial to Defendants, who have been litigating this case in Federal Court for nearly two-and-a-half years – it would diminish the credence owing to this Court's Orders, both in a general sense and specifically in this case.

3

For all of these reasons, Plaintiff's Motion to reopen discovery (**Doc. 82**) is **DENIED**. IT IS FURTHER ORDERED that the Post-Discovery Status/Settlement Conference is rescheduled for **February 9, 2021 at 10:00 a.m.**, via videoconference.  Prior to the Conference, all counsel will receive via email a videoconference invitation link, and they are responsible for providing it to their person(s) with full settlement authority.

**Plaintiff SHALL attend, and, in light of her previous non-appearance, any failure on her part WILL result in a dismissal of this case for failure to prosecute.**  As previously directed, persons with full settlement authority for Defendants (including insurance companies) also must be present.

In advance of the Conference, all participants must test their internet connection speed to ensure that it is at least 3 Mbps, and also test their ability to connect to the videoconference link provided.  Such testing must be done no later than 48 hours in advance of the Conference, and should any participant experience insurmountable technical-difficulties, the responsible attorney(s) must promptly notify the Court and all other counsel of record.

IT IS SO ORDERED.

January 20, 2021					s\Cathy Bissoon
						Cathy Bissoon
						United States District Judge

cc (via ECF email notification):

All Counsel of Record